## B. B. MULLINS ET AL. v. PENDLETON COUNTY COURT.

[Abstract Kentucky Law Reporter, Vol. 2—317.]

**Settlement by Sheriff.**

> A settlement made by the sheriff purporting to be final can not be corrected or inquired into unless there is fraud or mistake alleged by the party attacking the settlement.

**Pleading Conclusions.**

> A petition against a sheriff and his sureties, which does not allege an indebtedness on the part of the sheriff by reason of his obligation to the county, nor show what the covenants of the bond were and the defendant's failure to comply with its stipulations, is defective. An allegation that one bond was conditioned for the collection of the revenue and the other for the county levy constitute only the conclusion of the pleader. The undertaking should be specifically set forth.

APPEAL FROM PENDLETON CIRCUIT COURT.

March 8, 1881.

OPINION BY JUDGE PRYOR:

Neither the petition nor amended petition in this case allege an indebtedness on the part of the principal by reason of his obligation to the county of Pendleton; nor are the covenants of the bond properly alleged in order that the court may determine whether there has been a failure on the part of the principal to comply with its stipulations. The allegation is that one was conditioned for the collection of the revenue and the other for the county levy. Such a statement is the conclusion of the pleader only, and to make the petition good the undertaking should be specifically set forth.

Nor is it alleged anywhere in the petition that a demand was

made by any one authorized to receive the money from the sheriff. While these defects might be cured by the answer and the petition held sufficient after verdict and judgment, this case must still be reversed, for the reason that it should have gone to the chancellor upon proper pleadings that he might correct the mistake, if any, made by the sheriff in his various settlements, and have a report from the commissioner as to the condition of the sheriff's accounts with the county. A settlement was made by the sheriff purporting to be final, and can not be corrected or inquired into unless there is fraud or mistake alleged by the party attacking the settlement. The attempted recovery in this case is based on a settlement alleged to have been had by the sheriff with the commissioner of the county court for the year 1875; but during the progress of the case the jury are required to investigate and pass upon questions arising out of other settlements in order to determine the extent of the appellants' liability.

The jury are required to find whether a mistake was made in a settlement with Brannan in which the sheriff was allowed credit by vouchers, for which he had received credit on a settlement with Minturn and Perrin, and as to this settlement the jury are told they can not find for the plaintiffs a greater sum than $2,660, the amount for which it is said the sheriff received double credit. All these matters should be investigated by a commissioner on pleadings directly attacking the settlement complained of.

It is improbable, or at least not practicable, for a jury to properly investigate such questions, and while any issue of fact may be submitted to them as to the validity of any claim, and a special finding had at the instance of either party, this class of cases should go to a competent commissioner in order that the chancellor may arrive at a just and proper conclusion as to the rights of the parties.

The judgment is *reversed,* with leave to either party to amend their pleadings, and cause remanded for further proceedings.

*C. H. Lee, A. Duvall, for appellants.*

*Clarke & Simon, for appellee.*